J-S13034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DERRICK YOUNG | |
| Appellant | No. 1468 WDA 2013 |

Appeal from the PCRA Order dated August 12, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No: CP-26-CR-0001352-2010

BEFORE:  PANELLA, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:              **FILED OCTOBER 9, 2014**

This post-conviction collateral appeal returns to this Court after we remanded for filing of an opinion under Pennsylvania Rule of Appellate Procedure 1925(a).  *Pro se* Appellant, Derrick Young, challenges the dismissal of his first petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  After careful review, we affirm.

A discussion of the facts is unnecessary, but may be reviewed in our decision on direct appeal, **Commonwealth v. Young**, 38 A.3d 917, No. 810 WDA 2011, at 1-3 (Pa. Super. filed Nov. 10, 2011) (unpublished memorandum), *appeal denied*, 49 A.3d 443 (Pa. 2012).  Briefly, a jury convicted Appellant of rape, aggravated assault, and numerous other crimes of physical and sexual violence for his nighttime attack on a woman in Connellsville, Fayette County.  The trial court adjudged Appellant a sexually

violent predator, and sentenced him to an aggregate of 15 to 30 years in prison. He appealed to this Court, raising only one evidentiary issue, which we found waived. Thereafter, Appellant filed his first PCRA petition raising 16 separate claims. The PCRA court appointed counsel, who moved to withdraw under **Turner**/**Finley**,[1] contending the petition was meritless. The PCRA court granted the motion to withdraw and dismissed the petition without a hearing. This appeal followed.

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (internal quotations and quotation marks omitted). Furthermore, "[t]his Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012).

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

It is difficult to understand the issues and arguments raised in Appellant's *pro se* brief. Nevertheless, review is not impossible, and we will address the issues to the best of our ability.[2] Appellant argues that he has a right to counsel in his PCRA petition under the Sixth and Fourteenth Amendments to the United States Constitution, and that PCRA counsel rendered ineffective assistance by withdrawing under **Turner**/**Finley**. These arguments have no merit.

There is no **federal** right to counsel in state post-conviction proceedings. **See Commonwealth v. Holmes**, 79 A.3d 562, 581 (Pa. 2013). Appellant appears to argue that he has a constitutional right to counsel on a first PCRA petition, because it is the first time he could challenge trial counsel's effectiveness. Whether a **state** post-conviction petitioner "has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial" is an open question. **Martinez v. Ryan**, 132 S. Ct. 1309, 1315 (2012). The **Martinez** Court, however did not recognize a constitutional right to counsel in state post-conviction proceedings. **Id.**; **see also Holmes**, 79 A.3d at 581-82 (noting that **Martinez**'s holding is limited to whether there may be a

---

[2] Appellant filed an unsolicited concise statement of errors complained of on appeal. As we noted in our decision remanding for preparation of a Rule 1925(a) opinion, the law is unclear whether a gratuitous concise statement binds an appellant to the issues raised in that concise statement. Due to this uncertainty, we will address the merits of the issues raised in Appellant's brief.

remedy in a federal *habeas corpus* proceeding for ineffective assistance of post-conviction counsel). Appellant had a rules-based right to counsel on a first PCRA petition. **Henkel**, 90 A.3d at 22 (quoting Pa.R.Crim.P. 904(C)). His right to counsel, however, was vindicated when PCRA counsel was permitted to withdraw under **Turner**/**Finley**. Here, counsel and the PCRA court complied with **Turner**/**Finley**, and Appellant no longer has a right to court-appointed counsel.

Appellant also appears to argue that PCRA counsel rendered ineffective assistance by withdrawing under **Turner**/**Finley**. Appellant, however, cannot raise PCRA counsel's ineffectiveness for the first time on appeal. **Henkel**, 90 A.3d at 20.

Regarding the claims raised in Appellant's *pro se* PCRA petition, the trial court found that Appellant could not meet the test for ineffective assistance of counsel.[3] Appellant's PCRA counsel, after review, determined that the PCRA petition was meritless and petitioned to withdraw. The PCRA court independently reviewed the record and reached the same conclusion. The claims lacked either arguable merit, or Appellant could not show

_____

[3] "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Henkel**, 90 A.3d at 30 (internal quotation omitted). "Where the petitioner fails to meet any aspect of this test, his claim fails." **Id.** (internal citation omitted).

prejudice. In addition, Appellant raised some claims for the first time on collateral review. These claims include the improper removal of a black juror by the judge and the failure of a hospital to present the victim's medical records. They are waived. *See* 42 Pa.C.S.A. §§ 9543(a)(3) (requiring PCRA petitioner to plead and prove that claims are not waived), 9544(b) ("[A] an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); *see also Commonwealth v. Steele*, 961 A.2d 786, 802 (Pa. 2008) (finding PCRA petitioner waived challenge to admission of hair analysis evidence by failing to raise the issue on direct appeal).

Finally, the PCRA court ruled that Appellant is not entitled to relief because he failed to allege or prove a "strong *prima facie* showing that a miscarriage of justice may have occurred." PCRA Court Rule 1925(a) Opinion, 8/7/14, at 4 (citing *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), and *Commonwealth v. Lawson*, 549 A.2d 107 (Pa. 1988)). In so ruling, the PCRA court applied the wrong legal standard. This is Appellant's first PCRA petition. The *Lawson* miscarriage of justice standard applies only to second or subsequent PCRA petitions. *See Fahy*, 737 A.2d at 223 ("Th[e Supreme C]ourt has determined that in reviewing claims for relief in a **second or subsequent** collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that that a miscarriage of justice occurred.")

(emphasis added); **Lawson**, 549 A.2d at 112 ("We therefore conclude that a **second or any subsequent** post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred.") (emphasis added). Rather, a petitioner's burden of proof in a first PCRA proceeding is by a preponderance of the evidence. 42 Pa.C.S.A. § 9543(a); **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). Nevertheless, the record supports the dismissal of Appellant's PCRA petition, and we may affirm on any grounds supported by the record. **Ford**, 44 A.3d at 1194. Here, the record supports the finding that Appellant's ineffective assistance of counsel claims lack arguable merit, or he cannot establish prejudice. Also, Appellant's claims of trial court error are waived.

Appellant has failed to establish reversible error committed by the PCRA court. Accordingly, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2014